## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| June Hall, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>Xanadu Marketing, Inc. d/b/a Houses Into Homes,<br><br>   Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

### Nature of this Action

1. June Hall ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Xanadu Marketing, Inc. d/b/a Houses Into Homes ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(a)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and both 47 C.F.R. §§ 64.1200(d)(4),

1

64.1200(d)(6) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers without maintaining and adhering to do-not call lists, and while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

## Parties

4.      Plaintiff is citizen of the United States who at all relevant times resided in Atlanta, Georgia.

5.      Defendant is a marketing and lead generation business headquartered in Grand Rapids, Michigan, and incorporated in Michigan.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

7.      Venue is proper before this Court under to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this district and a significant portion of the transactions giving rise to this action occurred in this district.

8.      In particular, Defendant directed its text messages to Plaintiff's telephone in this district, and Plaintiff received Defendant's text messages in this district.

## Factual Allegations

9.      Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(470) 355-XXXX.

10.     Plaintiff uses her cellular telephone as one of her personal residential telephone numbers.

11.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

12.     Plaintiff registered her cellular telephone number with the DNC Registry in November 2021.

13.     On or about February 10, 2022, Plaintiff received the following text messages from a 94657 short code on her cellular telephone:



14.    Plaintiff did not recognize the sender, did not request any loans, did not complete a loan application, and did not previously interact with any websites identified by the text messages delivered by short code 94657.

15.    Despite providing the "STOP" instruction, Plaintiff continued to receive additional text messages from short code 94657:



16.     Plaintiff estimates that she has received over a dozen similar text messages from short code 94657.

17.     The 94657 short code is a dedicated vanity short code owned by "Houses Into Homes."[1]

18.     "A short code is a five- or six-digit number that can be used to send and receive text messages. Companies use these codes to bring customers into the branded experience through information updates, alerts, loyalty programs, surveys,

---

[1]     *See, e.g.*, https://houses-into-homes.com/moblie-terms/ ("SHORTCODE: 94657 PROGRAM NAME: House Into Homes.") (last visited September 19, 2022).

sweepstakes, and coupon offers. Short codes have high deliverability and open rates, are easy to remember, and enjoy a high level of trust from consumers thanks to federal regulations, industry ovrsight [sic] and best practices that keep spam rates low."[2]

19.    "A dedicated short code is a 5 or 6-digit textable number that is reserved for exclusive use by your organization or brand. Dedicated short codes offer guaranteed throughput, zero keyword restrictions, and low messaging fees."[3]

20.    The website for Houses Into Homes, which identifies the 94657 as its unique vanity short code in its mobile terms and conditions page, fails to identify any legal entity responsible for the website, its mobile terms and conditions, or its privacy policy.[4]

21.    However, Houses Into Homes identifies its primary place of business as "956 3 Mile Rd NW, Grand Rapids, MI 49544."[5]

---

[2]    https://www.usshortcodes.com/learn-more/faq (last visited September 19, 2022).

[3]    https://www.eztexting.com/features/dedicated-short-codes    (last    visited September 19, 2022).

[4]    *See generally* https://houses-into-homes.com/moblie-terms/; https://houses-into-homes.com/privacy-policy/;    https://houses-into-homes.com/    (last    visited September 19, 2022).

[5]    https://houses-into-homes.com/contact-us/ (last visited September 19, 2022).

22.     Defendant also identifies its principal place of business as "956 3 Mile Rd NW Grand Rapids MI 49544."[6]

23.     Moreover, Defendant advertises itself as a lead generator for various internet marketing endeavors, including those involving credit repair organizations, personal and mortgage loans, and various other aspects of consumer finance—the same topics of the text messages delivered by short code 94657.[7]

24.     Additionally, Defendant advertises various consumer finance-related websites for use or sale: Personal-Loans-Now.com; Fast-Funded-Loans.com; Personal-Loans-Here.com; Cash-Advances-Here.com; and Quick-Funded-Loans.com.[8]

25.     Accordingly, upon information and good faith belief, and in light of the timing, content, and context of the text messages and website links associated with short code 94657, Defendant delivered the subject text messages to Plaintiff's cellular telephone number.

26.     Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to her cellular telephone number.

---

[6]     https://xanadumarketing.com/#contact (last visited September 19, 2022).

[7]     https://xanadumarketing.com/#leads (last visited September 19, 2022).

[8]     https://xanadumarketing.com/personalloans/ (last visited September 19, 2022).

27.    The text messages at issue were sent for non-emergency purposes.

28.    Upon information and good faith belief, the text messages at issue were sent voluntarily.

29.    The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

30.    Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to her cellular telephone number.

31.    Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

32.    Upon information and good faith belief, Defendant uses an automatic telephone dialing system to send text messages, absent prior express consent or prior express written consent, to telephone numbers assigned to a cellular telephone service.

33.    Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

34.    Upon information and good faith belief, because Defendant repeatedly failed to heed Plaintiff's "STOP" instructions, Defendant did not maintain or adhere to any internal or external do-not call lists.

## Class Action Allegations

35.    Plaintiff brings this action under Federal Rule of Civil Procedure 23,

and as a representative of the following classes:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Xanadu Marketing, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Xanadu Marketing, Inc.'s or its business partners' goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Xanadu Marketing, Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Revocation Class:**

> All persons and entities throughout the United States (1) to whom Xanadu Marketing, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Xanadu Marketing, Inc.'s or its business partners' goods or services, (2) after the called party informed Xanadu Marketing, Inc. that he or she did not wish to receive calls at the cellular telephone number, or after the called party instructed Xanadu Marketing, Inc. to stop placing calls to the telephone number, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

> All persons and entities throughout the United States (1) to whom Xanadu Marketing, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Xanadu Marketing, Inc.'s or its business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of Xanadu Marketing, Inc., and a telephone number or address at which Xanadu Marketing, Inc. may be contacted, (3) within four

years preceding the date of this complaint through the date of class certification.

36.    Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37.    Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

38.    The exact number of members of the classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

39.    The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

40.    In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

41.    Plaintiff's claims are typical of the claims of the members of the classes.

42.    As it did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered her cellular telephone number with the DNC Registry.

43.    As it did for all members of the Revocation Class, Defendant delivered

solicitation text messages to Plaintiff's telephone number after being instructed to stop doing so.

44.    As it did for all members of the Sender Identification Class, Defendant delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of Xanadu Marketing, Inc., and a telephone number or address at which Xanadu Marketing, Inc. may be contacted.

45.    Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

46.    Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

47.    Plaintiff suffered the same injuries as the members of the classes.

48.    Plaintiff will fairly and adequately protect the interests of the members of the classes.

49.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

50.    Plaintiff will vigorously pursue the claims of the members of the classes.

51.    Plaintiff has retained counsel experienced and competent in class action litigation.

52.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

53.    The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

54.    Issues of law and fact common to all members of the classes are:

a.    Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

b.    For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

c.    For the Revocation Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers after the called party informed Xanadu Marketing, Inc. that he or she did not wish to receive calls at the cellular telephone number, or after the called party instructed Xanadu Marketing, Inc. to stop placing calls to the telephone number;

d.    For the Sender Identification Class, Defendant's practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Xanadu

Marketing, Inc., and a telephone number or address at which

Xanadu Marketing, Inc. may be contacted;

e.    Defendant's violations of the TCPA; and

f.    The availability of statutory penalties.

55.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56.    If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

57.    The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

58.    The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

60.     The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

61.     The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

62.     There will be no extraordinary difficulty in the management of this action as a class action.

63.     Defendant acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal Do-Not-Call Registry Class**

64.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65.     A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA.]'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

66.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67.    Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

68.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

69.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

70.    Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

71.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Revocation Class**

72.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

73.    A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

74.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further

telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made." *Id.* at § 64.1200(d)(6).

75.    Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

76.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

77.    Defendant violated 47 C.F.R. § 64.1200(d)(6) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "maintain a record of a consumer's request not to receive further telemarketing calls," despite that "[a] do-not-call request must be honored for 5 years from the time the request is made."

78.    Defendant therefore violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Revocation Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(6).

79.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(6), Plaintiff, and the members of the Revocation Class, are entitled to damages in an amount to be proven at trial.

**Count III**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Sender Identification Class**

80.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

81.    A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

82.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

83.    Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

84.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

85.    Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

86.    Defendant therefore violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

87.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.     Determining that this action is a proper class action;

b.     Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c.     Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d.     Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e.     Enjoining Defendant from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f.     Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g.     Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h.     Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i.     Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j.     Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: September 21, 2022

*/s/ Rachel Berlin Benjamin*
Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@hallandlampros.com
Brian J. Sutherland
Georgia Bar No. 105408
brian@hallandlampros.com
300 Galleria Pkwy SE, Suite 300
Atlanta, GA 30339
Telephone: (404) 876-8100
Facsimile: (404) 876-3477

Alex D. Kruzyk (to seek admission *pro hac vice*)
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com

*Counsel for Plaintiff and the proposed classes*