UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **June Hall, on behalf of herself and all others similarly situated,** | ) ) ) ) |
| **Plaintiff,** | ) **CASE NO. 1:22-cv-03795-MHC** ) ) |
| v. | ) ) |
| **Xanadu Marketing, Inc. d/b/a Houses Into Homes** | ) ) ) |
| **Defendants.** | ) ) ) ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENLARGE PAGE LIMIT

Defendant Xanadu Marketing, Inc. files this Response to Plaintiff's Motion to Enlarge Page Limit to make the record clear on several points.

First, contrary to Plaintiff's insinuation, Defendant's Amended Motion to Dismiss ("Amended MTD") is within the 25-page limit in, and otherwise complies with, Local Rule 7.1(D).

Second, the Amended MTD is not only procedurally proper, but the preferred and most judicially-courteous vehicle to raise a challenge to subject matter

jurisdiction under Rule 12(h)(3).[1]  Indeed, the Court must evaluate its subject matter jurisdiction before considering any other matters.  By filing its Amended MTD combining its subject matter jurisdiction argument with its 12(b)(6) argument, rather than filing a separate motion challenging subject matter jurisdiction, Defendant: (a) ensured that the Court will evaluate its subject matter jurisdiction first, as it must; and (b) reduced the number of papers the Court had to read.

Third, and relatedly, when Defendant filed its Amended MTD, it did not modify any of the arguments previously raised under Rule 12(b)(6).  Rather, those arguments remain exactly the same.  So it is unclear why Plaintiff thinks Defendant would need her consent to reassert that argument.  It did not.

Fourth and finally, while Defendant does not believe a 35-page response to its Amended MTD is necessary, Defendant does not oppose a page extension.  However, when Plaintiff reached out to request a page extension, she affirmatively stated that she would not agree to a reciprocal extension for Defendant's reply, were Defendant to ask for one (which it has not).  Defendant was not willing to agree to that condition.

---

[1] Defendant filed its Amended Motion to dismiss pursuant to Rule 12(h)(3), not Rule 12(b)(1) as Plaintiff wrongly asserts.

In sum, Defendant does not oppose Plaintiff's requested relief should the Court deem it warranted but reserves its right to ask for a reciprocal extension for its reply, should Defendant deem that appropriate after reviewing Plaintiff's expanded response.

Respectfully submitted this 30th day of December, 2022.

                         **KABAT CHAPMAN & OZMER LLP**

                         */s/ Ryan D. Watstein*
                         Ryan D. Watstein
                         Georgia Bar Number 266019
                         rwatstein@kcozlaw.com
                         Joshua Y. Joel
                         Georgia Bar No. 230547
                         jjoel@kcozlaw.com
                         171 17th Street NW, Suite 1550
                         Atlanta, Georgia 30363
                         (404) 400-7300
                         (404) 400-7333 Fax

                         *Counsel for Defendant*

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that today, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Ryan D. Watstein*
Counsel for Defendant