# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL E. BURDGE, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 1:10-CV-100 |
| | : | |
| vs. | : | Judge Spiegel |
| | : | |
| ASSOCIATION HEALTH CARE | : | Magistrate Judge Hogan |
| MANAGEMENT, INC., | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO "DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION"

NOW COME PLAINTIFFS NATHANIEL E. BURDGE AND ANGELA M. BURDGE, by and through their undersigned counsel, and hereby respectfully submit their Memorandum in Opposition to "Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction" (hereinafter "Defendant's Motion")(Document No. 5).

## I.   INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

On February 17, 2010, Plaintiffs filed their Complaint asserting multiple claims under federal and Ohio law against Defendant Associated Health Care Management, Inc. ("Defendant" or "AHCM")(Document No. 2).  Plaintiffs' claims arise from the **10** telemarketing calls Defendant or its agents placed to Plaintiffs' home, each of which violates in several ways the federal Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227, *et seq*., its regulations promulgated under 47 C.F.R. §64.1200 ("TCPA Regulations"), the Ohio Consumer Sales Practices Act ("CSPA"), R.C. §1345.02(A), and applicable provisions of Ohio's consumer advertising regulations set forth in the Ohio Administrative Code ("O.A.C.") at §109:4-3-11(A)(1).

On March 30, 2010, Defendant filed its Motion to Dismiss. (Document No. 5)  Defendants'

Motion argues that Plaintiffs' Complaint[1] fails to state a claim upon which relief can be granted because: (1) the TCPA does not provide a private cause of action for a telemarketer's failure to identify itself or provide its telephone number during a pre-recorded telephone solicitation (Defendant's Motion, pp. 4-5); and (2) Plaintiffs' TSSA claims are time-barred (Defendant's Motion, p. 5). While Plaintiffs concede only that their claims set forth in Counts 20 and 22 are subject to dismissal pursuant to Defendant's assertion, in the motion, of an affirmative defense based on the two-year statute of limitations for TSSA claims, Plaintiffs deny that their other claims should be dismissed.

In its Motion, Defendant also argues that this Court lacks federal question subject matter jurisdiction under the TCPA (Defendant's Motion, p. 6), and that Plaintiff's claims for damages and other monetary relief insufficient to invoke federal diversity jurisdiction. However, as explained below, Defendant's arguments lack merit.

## II.    THE FACTS, AS ALLEGED IN THE COMPLAINT

Plaintiffs' Complaint alleges that Defendant or its authorized agents placed 10 unlawful prerecorded voice message telemarketing calls, or "robo calls" as many refer to such calls, to their home between January 11, 2006 and January 16, 2008. (Complaint ¶¶13-22, Document No. 2)    In five of the calls, after the prerecorded voice message finished playing, a live operator came on the line.    In placing these calls, Defendant violated a significant number of federal and Ohio telemarketing and consumer protection laws. (Complaint, *inter alia*, Document No. 2)

### A.    The January 11, 2006 Prerecorded Voice Message Telemarketing Call

On January 11, 2006, at approximately 3:25 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 1") to Plaintiffs' residential

---

[1] Defendants seek dismissal of Counts 3-6 and 19-22 of the Complaint for failure to state a claim upon which relief can be granted.

telephone number for the commercial purpose of selling Defendant's consumer goods and services. During and/or in regard to the Call No. 1, Defendant knowingly and/or willfully:

1) Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[2];
2) Failed to voluntarily state the name of the caller[3];
3) Failed to voluntarily state the caller's telephone number or address[4]; and
4) Failed to transmit accurate Caller ID information that would permit the consumer to make a do-not-call request during regular business hours[5].

(Complaint ¶13, Document No. 2)

**B.    The March 29, 2006 Prerecorded Voice Message Telemarketing Call**

On March 29, 2006, at approximately 11:47 a.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 2") to Plaintiffs' residential telephone number for the commercial purpose of selling Defendant's consumer goods and services. During and/or in regard to Call No. 2, Defendant knowingly and/or willfully:

1) Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[6];
2) Failed to voluntarily state the name of the caller[7];
3) Failed to voluntarily state the caller's telephone number or address[8];
4) Failed to transmit accurate Caller ID information that would permit the consumer to make a do-not-call request during regular business hours[9].

At the conclusion of the prerecorded message, Plaintiffs were transferred to a live operator who failed to record Plaintiffs' name and telephone numbers on Defendant's Do-Not-Call List.[10]  (Complaint ¶14, Document No. 2)

**C.    The September 8, 2006 Prerecorded Voice Message Telemarketing Call**

---

[2] This violates 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2).
[3] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[4] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[5] 47 C.F.R. §64.1601(e)(1).
[6] 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2).
[7] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[8] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[9] 47 C.F.R. §64.1601(e)(1).
[10] 47 C.F.R. §64.1200(d)(3).

3

On September 8, 2006, at approximately 9:57 a.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 3") to Plaintiffs' residential telephone number for the commercial purpose of selling Defendant's consumer goods and services.  During and/or in regard to the Call No. 3, Defendant knowingly and/or willfully:

1)  Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[11];

2)  Failed to voluntarily state the name of the caller[12];

3)  Failed to voluntarily state the caller's telephone number or address[13];

4)  Failed to maintain a record of Plaintiffs' March 29, 2006 request that the caller place Plaintiffs' name and telephone number on its Do-Not-Call List[14];

5)  Failed to honor Plaintiffs' March 29, 2006 request that the caller place Plaintiffs' name and telephone number on its Do-Not-Call List[15];

6)  Failed to transmit accurate Caller ID information that would permit the consumer to make a do-not-call request during regular business hours[16];

7)  Failed to state, at the beginning of the call, that the purpose of the call is to effect a sale[17];

8)  Used a fictitious name that has not been properly registered with the Ohio Secretary of State[18]; and

9)  Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General[19].

(Complaint ¶15, Document No. 2)

**D.    The September 25, 2006 Prerecorded Voice Message Telemarketing Call**

On September 25, 2006, at approximately 8:38 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 4") to Plaintiffs' residential telephone number for the commercial purpose of selling Defendant's consumer goods and

---

[11] 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2).
[12] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[13] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[14] 47 C.F.R. §64.1200(d)(6).
[15] 47 C.F.R. §64.1200(d)(3).
[16] 47 C.F.R. §64.1601(e)(1).
[17] R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1).
[18] R.C. §1345.02(A).
[19] R.C. §1345.02(A) and R.C. §4719.02(A).

services.  During and/or in regard to Call No. 4, Defendant knowingly and/or willfully:

1) Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[20];

2) Failed to voluntarily state the name of the caller[21];

3) Failed to voluntarily state the caller's telephone number or address[22];

4) Failed to send to Plaintiffs its Do-Not-Call Maintenance Policy upon Plaintiffs' demand[23];

5) Failed to maintain a record of Plaintiffs' March 29, 2006 request that the caller place Plaintiffs' name and telephone number on its Do-Not-Call List[24];

6) Failed to honor Plaintiffs' March 29, 2006 request that the caller place Plaintiffs' name and telephone number on its Do-Not-Call List[25];

7) Failed to transmit accurate Caller ID information that would permit the consumer to make a do-not-call request during regular business hours[26];

8) Failed to state, at the beginning of the call, that the purpose of the call is to effect a sale[27];

9) Used a fictitious name that has not been properly registered with the Ohio Secretary of State[28]; and

10) Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General[29].

(Complaint ¶16, Document No. 2)

### E.    The November 7, 2006 Prerecorded Voice Message Telemarketing Call

On November 7, 2006, at approximately 8:38 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 5") to Plaintiffs' residential telephone number for the commercial purpose of selling Defendant's consumer goods and services.  During and/or in regard to Call No. 5, Defendant knowingly and/or willfully:

---

[20] 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2).
[21] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[22] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[23] 47 C.F.R. §64.1200(d)(1).
[24] 47 C.F.R. §64.1200(d)(6).
[25] 47 C.F.R. §64.1200(d)(3).
[26] 47 C.F.R. §64.1601(e)(1).
[27] R.C. §1345.02(A); O.A.C. §109:4-3-11(A)(1).
[28] R.C. §1345.02(A).
[29] R.C. §1345.02(A); R.C. §4719.02(A).

1) Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[30];

2) Failed to voluntarily state the name of the caller[31];

3) Failed to voluntarily state the caller's telephone number or address[32];

4) Failed to transmit accurate Caller ID information that would permit the consumer to make a do-not-call request during regular business hours[33];

5) Failed to state, at the beginning of the call, that the purpose of the call is to effect a sale[34];

6) Used a fictitious name that has not been properly registered with the Ohio Secretary of State[35]; and

7) Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General[36].

(Complaint ¶17, Document No. 2)

## F.   The January 30, 2007 Prerecorded Voice Message Telemarketing Call

On January 30, 2007, at approximately 12:30 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 6") to Plaintiffs' residential telephone number for the commercial purpose of selling Defendant's consumer goods and services.  During and/or in regard to Call No. 6, Defendant knowingly and/or willfully:

1) Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[37];

2) Failed to voluntarily state the name of the caller[38];

3) Failed to voluntarily state the caller's telephone number or address[39];

4) Failed to transmit accurate Caller ID information that would permit the consumer to make a do-not-call request during regular business hours[40];

5) Failed to state, at the beginning of the call, that the purpose of the call is to effect a sale[41];

---

[30] 47 U.S.C. §227(b)(1)(B); 47 C.F.R. §64.1200(a)(2).
[31] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[32] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[33] 47 C.F.R. §64.1601(e)(1).
[34] R.C. §1345.02(A); O.A.C. §109:4-3-11(A)(1).
[35] R.C. §1345.02(A).
[36] R.C. §1345.02(A); R.C. §4719.02(A).
[37] 47 U.S.C. §227(b)(1)(B); 47 C.F.R. §64.1200(a)(2).
[38] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[39] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[40] 47 C.F.R. §64.1601(e)(1).
[41] R.C. §1345.02(A); O.A.C. §109:4-3-11(A)(1).

6)  Used a fictitious name that has not been properly registered with the Ohio Secretary of State[42]; and

7)  Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General[43].

(Complaint ¶18, Document No. 2)

### G.    The April 12, 2007 Prerecorded Voice Message Telemarketing Call

Upon information and belief, on April 12, 2007, at approximately 11:49 a.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 7") to Plaintiffs' residential telephone number for the commercial purpose of selling Defendant's consumer goods and services.  During and/or in regard to Call No. 7, Defendant knowingly and/or willfully:

1)  Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[44];

2)  Failed to voluntarily state the name of the caller[45];

3)  Failed to voluntarily state the caller's telephone number or address[46];

4)  Failed to state, at the beginning of the call, that the purpose of the call is to effect a sale[47];

5)  Used a fictitious name that has not been properly registered with the Ohio Secretary of State[48];

6)  Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General[49]; and

7)  Acted as a telephone solicitor without having obtained a bond[50].

At the conclusion of the prerecorded message, Plaintiffs were transferred to a live operator who failed to record Plaintiffs' name and telephone numbers on Defendant's Do-Not-Call

---

[42] R.C. §1345.02(A).
[43] R.C. §1345.02(A); R.C. §4719.02(A).
[44] 47 U.S.C. §227(b)(1)(B); 47 C.F.R. §64.1200(a)(2).
[45] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[46] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[47] R.C. §1345.02(A); O.A.C. §109:4-3-11(A)(1).
[48] R.C. §1345.02(A).
[49] R.C. §1345.02(A); R.C. §4719.02(A).
[50] R.C. §1345.02(A); R.C. §4719.04; R.C. §4719.16.

List[51] and failed to send to Plaintiffs its Do-Not-Call Maintenance Policy upon Plaintiffs' demand[52]. (Complaint ¶19, Document No. 2)

### H. The May 7, 2007 Prerecorded Voice Message Telemarketing Call

On May 7, 2007, at approximately 2:07 p.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 8") to Plaintiffs' residential telephone number for the commercial purpose of selling Defendant's consumer goods and services. During and/or in regard to Call No. 8, Defendant knowingly and/or willfully:

1) Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[53];
2) Failed to voluntarily state the name of the caller[54];
3) Failed to voluntarily state the caller's telephone number or address[55];
4) Failed to state, at the beginning of the call, that the purpose of the call is to effect a sale[56];
5) Used a fictitious name that has not been properly registered with the Ohio Secretary of State[57];
6) Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General[58]; and
7) Acted as a telephone solicitor without having obtained a bond[59].

(Complaint ¶20, Document No. 2)

### I. The May 29, 2007 Unlawful Prerecorded Voice Message Telemarketing Call

On May 29, 2007, at approximately 9:11 a.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 9") to Plaintiffs' residential telephone number for the commercial purpose of selling Defendant's consumer goods and services. During

---

[51] 47 C.F.R. §64.1200(d)(3).
[52] 47 C.F.R. §64.1200(d)(1).
[53] 47 U.S.C. §227(b)(1)(B); 47 C.F.R. §64.1200(a)(2).
[54] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[55] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[56] R.C. §1345.02(A); O.A.C. §109:4-3-11(A)(1).
[57] R.C. §1345.02(A).
[58] R.C. §1345.02(A); R.C. §4719.02(A).
[59] R.C. §1345.02(A); R.C. §4719.04; R.C. §4719.16.

and/or in regard to Call No. 9, Defendant knowingly and/or willfully:

1) Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[60];

2) Failed to voluntarily state the name of the caller[61];

3) Failed to voluntarily state the caller's telephone number or address[62];

4) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List[63];

5) Failed to maintain a record of Plaintiffs' April 12, 2007 request that the caller place Plaintiffs' name and telephone number(s) on its Do-Not-Call List[64];

6) Failed to honor the recipient's April 12, 2007 request that the caller place Plaintiffs' name and telephone number(s) on its Do-Not-Call List[65];

7) Failed to state, at the beginning of the call, that the purpose of the call is to effect a sale[66];

8) Used a fictitious name that has not been properly registered with the Ohio Secretary of State[67];

9) Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General[68]; and

10) Acted as a telephone solicitor without having obtained a bond[69].

At the conclusion of the prerecorded message, Plaintiffs were transferred to a live operator who failed to record Plaintiffs' name and telephone numbers on Defendant's Do-Not-Call List[70] and failed to send to Plaintiffs its Do-Not-Call Maintenance Policy upon Plaintiffs' demand[71]. (Complaint ¶21, Document No. 2)

**J.     The January 16, 2008 Prerecorded Voice Message Telemarketing Call**

On January 16, 2008, at approximately 11:15 a.m., Defendant or its authorized agent placed a prerecorded voice message telephone call ("Call No. 10") to Plaintiffs' residential

---

[60] 47 U.S.C. §227(b)(1)(B); 47 C.F.R. §64.1200(a)(2).
[61] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[62] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[63] 47 C.F.R. §64.1200(d)(2).
[64] 47 C.F.R. §64.1200(d)(6).
[65] 47 C.F.R. §64.1200(d)(3).
[66] R.C. §1345.02(A); O.A.C. §109:4-3-11(A)(1).
[67] R.C. §1345.02(A).
[68] R.C. §1345.02(A); R.C. §4719.02(A).
[69] R.C. §1345.02(A); R.C. §4719.04; R.C. §4719.16.
[70] 47 C.F.R. §64.1200(d)(3).
[71] 47 C.F.R. §64.1200(d)(1).

9

telephone number for the commercial purpose of selling Defendant's consumer goods and

services. During and/or in regard to Call No. 10, Defendant knowingly and/or willfully:

1) Called Plaintiffs' residence without Plaintiffs' prior express consent or approval[72];

2) Failed to voluntarily state the name of the caller[73];

3) Failed to voluntarily state the caller's telephone number or address[74];

4) Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List[75];

5) Failed to send to Plaintiffs its Do-Not-Call Maintenance Policy upon Plaintiffs' demand[76];

6) Failed to maintain a record of Plaintiffs' April 12, 2007 and May 29, 2007 requests that the caller place Plaintiffs' name and telephone number on its Do-Not-Call List[77];

7) Failed to honor the recipient's April 12, 2007 and May 29, 2007 requests that the caller place Plaintiffs' name and telephone number on its Do-Not-Call List[78];

8) Failed to state, at the beginning of the call, that the purpose of the call is to effect a sale[79];

9) Used a fictitious name that has not been properly registered with the Ohio Secretary of State[80];

10) Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General[81]; and

11) Acted as a telephone solicitor without having obtained a bond[82].

(Complaint ¶22, Document No. 2)

## III.   LAW AND ARGUMENT

### A.   The Legal Standard Applicable to Defendant's Motion.

Motions brought pursuant to Rule 12(h)(3) for dismissal based on lack of subject matter

jurisdiction are reviewed as if they were motions pursuant to 12(b)(1). *Arbaugh v. Y&H Corp.*,

---

[72] 47 U.S.C. §227(b)(1)(B); 47 C.F.R. §64.1200(a)(2).
[73] 47 C.F.R. §64.1200(b)(1) and §64.1200 (d)(4).
[74] 47 C.F.R. §64.1200(b)(2) and §64.1200 (d)(4).
[75] 47 C.F.R. §64.1200(d)(2).
[76] 47 C.F.R. §64.1200(d)(1).
[77] 47 C.F.R. §64.1200(d)(6).
[78] 47 C.F.R. §64.1200(d)(3).
[79] R.C. §1345.02(A); O.A.C. §109:4-3-11(A)(1).
[80] R.C. §1345.02(A).
[81] R.C. §1345.02(A); R.C. §4719.02(A).
[82] R.C. §1345.02(A); R.C. §4719.04; R.C. §4719.16.

546 U.S. 500 (2006). When a Court reviews a motion to dismiss for lack of subject matter jurisdiction, the standard it applies depends on whether the motion attacks subject matter jurisdiction facially on the pleadings, or attacks the facts underlying the claim.

This Court, in *Owner-Operator Independent Drivers Association, Inc., v. Arctic Express Inc.*, 238 F. Supp. 2d 963 (S.D. Ohio 2003), ruled:

> "Facial attacks question the sufficiency of the pleading. [*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)] Review of such a motion must take the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.*"

*Id.* at 966. See also *Int'l Brotherhood of Electrical Workers v. Trafftech, Inc.*, 2005 U.S. Dist. LEXIS 21591, *15 (N.D. Ohio, Sept. 28, 2005)(Attachment 1).

In regard to a challenge of the asserted amount in controversy, the U.S. Supreme Court has held:

> "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, **the sum claimed by the plaintiff controls if its claim is apparently made in good faith**. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal ***." (Emphasis added.)

*St. Paul Mercury Indemnity Co. v. Red Cab Company*, 303 U.S. 283, 288-289 (1938). See also *Kovacs v. Chesley*, 406 F. 3d 393, 395-396 (6th Cir. 2005).

### B. The TCPA and CSPA Provide a Telephone Consumer a Private Cause of Action Where a Telemarketer Fails to Identify Itself and Provide Its Telephone Number during a Pre-Recorded Voice Message Telephone Solicitation.

Defendant's Motion argues that Counts 3, 4, 5 and 6 of Plaintiffs' Complaint fail to state a claim upon which relief can be granted because the TCPA does not provide a private cause of action for a telemarketer's failure to identify itself or provide its telephone number during a pre-recorded telephone solicitation. (Defendant's Motion, pp. 4-5) Defendant's argument is premised upon this

Court's previous ruling in *Burdge v. Ass'n Health Care Mgmt.,* Case No. 1:08-cv-509, 2009 U.S. Dist. LEXIS 11849, at *11-12 (S.D. Ohio, Feb. 18, 2009)(Attachment 2).

Defendant's Motion argues that Counts 3, 4, 5 and 6 of Plaintiffs' Complaint lack merit because the TCPA does not provide a private cause of action for a telemarketer's failure to identify itself or provide its telephone number during a pre-recorded telephone solicitation. Count 3 asserts claims against Defendant arising from the failure of Defendant or its agents to state *the actual name of the caller* in any of the 10 calls at issue, which Plaintiffs contend violates 47 C.F.R. §64.1200(d)(4). Count 4 asserts that by violating 47 C.F.R. §64.1200(d)(4), Defendant also violated O.R.C. 1345.02(A).

Count 5 asserts claims against Defendant arising from the failure of Defendant or its agents to provide *the caller's telephone number or address in* any of the 10 calls at issue, which Plaintiffs contend violates 47 C.F.R. §64.1200(d)(4). Count 6 asserts that by violating 47 C.F.R. §64.1200(d)(4), Defendant also violated O.R.C. 1345.02(A).

Defendant argues that these four claims are legally groundless, citing this Court's previous ruling in *Burdge v. Ass'n Health Care Mgmt.,* Case No. 1:08-cv-509, 2009 U.S. Dist. LEXIS 11849, at *11-12 (S.D. Ohio, Feb. 18, 2009)(Attachment 2). However, Plaintiffs respectfully submit that this Court's previous ruling did not consider legal authority that is provided herein, which includes legal authority of which Plaintiffs were not aware during the previous case. Moreover, Plaintiffs note that the U.S. Sixth Circuit Court of Appeals has recently ruled, in another case argued to the Court by Plaintiffs' undersigned counsel, that a telephone consumer may sue a telemarketer for violations of 47 C.F.R. §64.1200(d)(4).

### 1. This Court's Previous Ruling in Case No. 1:08-cv-509, while relevant and properly considered here, is not precedential or dispositive.

In Plaintiffs' previous case before this Court, Case No. 1:08-cv-509, this Court ruled that

Plaintiffs' claims for statutory relief resulting from Defendant's asserted violations of 47 C.F.R. §64.1200(d)(4) failed to state claims upon which relief can be granted. This Court held that the "Section 227(d) identification requirements *** are not enforceable privately". (Attachment 2, Opinion and Order, p. 10) Although the Court did not expressly say so, it appears the Court concluded that the TCPA regulations set forth in 47 C.F.R. §64.1200(d)(4) were issued under 47 U.S.C. §227(d), and not 47 U.S.C. §227(b), because they mirror the "technical procedural standards" contained within 47 U.S.C. §227(d).

Defendant submits that this Court's ruling in Case No. 1:08-cv-509 is the final word on the subject and that Plaintiffs' assertion of their claims in Counts 3, 4, 5 and 6 of the instant Complaint are "frivolous" and amount to unlawful "harassment". However this misstates the legal import of the Court's prior ruling. Under the law, this Court's previous ruling is not binding precedent as to the parties or even binding upon this Court in the case at bar. *Saul, Ewing, Remick & Saul, Plaintiff v. Provident Savings Bank*, Civil Action No. 95-262 MMS, 1996 U.S. Dist. LEXIS 486 (D. Del., Jan. 5, 1996)(Attachment 3).

### 2. The TCPA Regulations currently set forth at 47 C.F.R. §64.1200(d) were promulgated under 47 U.S.C. §227(b).

As noted above, in Plaintiffs' previous case before this Court, Case No. 1:08-cv-509, this Court dismissed Plaintiff's claims asserting violations of 47 C.F.R. §64.1200(d)(4) because it concluded – perhaps *deduced from available information* is a better way to put it – that this regulation was promulgated under 47 U.S.C. §227(d) and is, therefore, not privately actionable. Recently, however, Plaintiffs have discovered new support for their argument that the regulations set forth in 47 C.F.R. §64.1200(d) were issued under 47 U.S.C. §227(b), are privately actionable.

The TCPA was enacted in 1991.[83] Sub-section 227(b) flatly prohibit prerecorded voice

---

[83] The Telephone Consumer Protection Act of 1991, Public Law 102-243, December 20, 1991, amended Title II of

message "telephone solicitations" of the type at issue here, unless the consumer consented to receive such calls. 47 U.S.C. 227(b)(1)(B). Sub-section 227(b)(2)(A) mandated that the Federal Communications Commission ("FCC") develop and issue regulations enforcing the provision of 227(b). In 1992, the FCC issued comprehensive TCPA regulations in its October 16, 1992 Report and Order issued *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 92-443, CC Docket No. 92-90 (hereinafter the "1992 R&O"). (Attachment 4)

In Section 7 of its 1992 R&O, the FCC specifically mentions the enabling statutory provision under which its regulations are being issued – "227(b)(2)(A)" – and notes that one of the purposes of the regulations is to "enable subscribers to avoid unwanted telephone solicitations", which include live agent calls and prerecorded voice message calls. Section 9 of the 1992 R&O discusses the regulations as "significant restrictions" to be placed on telemarketers "to protect residential telephone subscribers from unwanted live and artificial or prerecorded voice message solicitations".

The provision of 47 C.F.R. §64.1200(d) – §64.1200(d)(4) – under which Plaintiffs have asserted in Counts 3 and 5 of their Complaint, was initially found within 47 C.F.R. 64.1200(e)(2)(iv), not 64.1200(d). 1992 R&O, p. 47.[84] The first mention of the regulations set forth in 64.1200(e) is found in Section 24 of the 1992 R&O, which reads in pertinent part.

> "The comments persuade us that we must mandate procedures for
> establishing company-specific do-not-call lists to ensure effective
> compliance with and enforcement of the requirements for protecting
> consumer privacy. [footnote omitted] See § 64.1200(e). *** We
> emphasize, however, that subscribers may sever any business
> relationship, i.e., revoke consent to any future solicitations, by requesting
> that they not receive further calls from a telemarketer, thus subjecting

the Communications Act of 1934, 47 U.S.C. §201, *et seq*., by adding a new section, 47 U.S.C. §227.
[84] The regulations initially set forth in 47 C.F.R. §64.1200(e)(2)(iv) were later renumbered as 47 C.F.R. §64.1200(d)(4) in the FCC's 2003 Report and Order issued July 3, 2003 *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 03-153, CC Docket No. 02-278.

that telemarketer to the requirements of § 64.1200(e)."

This regulation, 47 C.F.R. §64.1200(e), is never even mentioned in the section of the 1992 R&O pertaining to "technical and procedural requirements". The foregoing discussion of 64.1200(e) occurs entirely within section "C" of the 1992 R&O, which is entitled "Autodialers and Prerecorded Messages". This section, which addresses the substantive rules that govern all such telemarketing calls, makes clear that the FCC adopted the regulations set forth in 64.1200(e) pursuant to 227(b)(2)(A). The fact that the FCC may also have adopted some or all of the regulations in 64.1200 pursuant to its authority under 227(c), or under 227(d) for that matter, does not detract from the fact that 64.1200(e) was obviously issued pursuant to 227(b)(2)(A) and a substantive protection for consumers, and not solely as a "technical or procedural" requirement.

Accordingly, because the regulations set forth at 47 C.F.R. §64.1200(e)(2)(iv) – now 47 C.F.R. §64.1200(d)(4) – were promulgated under Sub-section 227(b), Plaintiffs respectfully submit that Defendant's violation of this regulation is privately actionable. Other courts have recently issued rulings supportive of Plaintiffs' position.

### 3. Other courts have ruled that the TCPA Regulations set forth in 47 C.F.R. §64.1200(d) are private actionable under 47 U.S.C. §227(b).

In *Charvat v. Ryan*, 2006-Ohio-3705, ¶28 (Ohio 10th App. Dist. 2006), *reversed on other grounds*, 2007 Ohio 6833 (Ohio Sup. Ct. 2007), the Appeals Court ruled that a telephone consumer may privately assert claims against a telemarketer under 47 C.F.R. §64.1200(d). Ryan involved, among other things, the plaintiff's claim that the telemarketer failed to send the consumer a copy of its Do Not Call Policy upon request, as 47 C.F.R. §64.1200(d)(1) explicitly requires. The appeals court ruled that the consumer may sue the telemarketer privately under 47 U.S.C. §227(b) and recover statutory remedies set forth in 47 U.S.C. §227(b)(3). This ruling stands unchallenged in the Ohio courts as of the present date.

Moreover, although Plaintiffs appealed this Court' judgment in Case No. 1:08-cv-509, they subsequently dismissed their appeal after the U.S. Sixth Court of Appeals issued its ruling on April 9, 2009 in *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623 (6th Cir. 2009). *GVN* involved a consumer's TCPA and CSPA claims under 227(c) arising from the 10 live agent calls he had received at his home. At page 7 of its ruling, the Sixth Circuit held:

> "*** [T]he FCC has promulgated regulations prohibiting telemarketers from placing telephone calls to residential telephone subscribers without following certain procedures. 47 C.F.R. §64.1200(d). **In addition to providing for enforcement by state attorneys general, 47 U.S.C. §227(f), <u>the TCPA creates a private right of action for enforcement of these regulations.</u>**"

This interpretation is undoubtedly correct in light of the 1992 R&O, discussed above, and is consistent with Plaintiffs' contention that the regulations set forth in 47 C.F.R. §64.1200(d) were initially issued pursuant to the FCC's authority under Sub-section 227(b), as well as 227(c). Accordingly, Plaintiffs respectfully submit that Counts 3 and 5 of their Complaint should not be dismissed.

> **4.  Because Counts 3 and 5 of Plaintiffs' Complaint are supported either by the current law or a good faith argument for the extension or application of the law, Counts 4 and 6 are also supported.**

As noted above, Count 4 is a claim under the CSPA which derives from Count 3; Count 6 is a CSPA claim that derives from Count 5.

The Courts of Ohio have held on multiple occasions that a violation of the TCPA is also a violation of O.R.C. §1345.02(A) of the Ohio Consumer Sales Practices Act. *See Charvat v. Ryan*, 168 Ohio App. 3d 78 (Ohio 10th App. Dist. 2006); *Charvat v. Continental Mortgage Services, Inc.*, Case No. 99CVH12-10255 (Franklin C.P., OAG PIF# 1882, 2000)(Attachment 5); *Chambers v. R & C Delivery*, Case No. 437887 (Cuyahoga C.P., OAG PIF# 2070, 2002)(Attachment 6); *Compoli v. EIP Limited*, Case No. 446780, (Cuyahoga C.P., OAG PIF#

2085, 2002)(Attachment 7).

Accordingly, Defendant's Motion to Dismiss Counts 4 and 6 should be denied.

### C.  All of Plaintiffs' TSSA Claims Are Not Time-Barred.

Defendant argues that Counts 19, 20, 21 and 22 of Plaintiffs' Complaint must be dismissed because these claims asserted under the TSSA are barred by a two-year statute of limitations.  Defendant argument is plainly wrong as to Counts 19 and 21, and fails to take into consideration R.C. §2305.19(A), the "Ohio Savings Statute".

R.C. §2305.19(A) preserves the statute of limitations for any claims timely asserted, dismissed other than on the merits and re-filed within one year after the dismissal.  In the case at bar, Plaintiff's Count 19 and 21[85] are not time-barred because these claims were initially asserted in Plaintiff's previous lawsuit before this Court before the two-year statute of limitations[86] ran, and were reasserted within the one-year period of time after such claims had been dismissed without prejudice in Civil Action No. 1:08-CV-509.[87] (Complaint, Counts 19 and 21, Document No. 2)  Therefore, these claims are not time barred, and should not be dismissed. R.C. §2305.19(A).

### D.  Federal Question Jurisdiction Exists Over Plaintiffs' TCPA Claims.

Defendants argue that there is no federal question jurisdiction for Plaintiffs' TCPA claims. (Defendant's Motion, p. 6)  In addressing this argument, it is first necessary to review the applicable jurisdictional statute.  Federal question jurisdiction is conferred upon the district courts by 28 U.S.C. §1331, which reads:

**"§ 1331.  Federal question**

---

[85] Plaintiffs concede that Counts 20 and 22 of their Complaint may be dismissed upon Defendant's recent assertion, in its Motion, of the statute of limitations affirmative defense.
[86] The CSPA establishes a two year statute of limitations. R.C. §1345.10(c).
[87] See Plaintiff's First Amended Complaint at ¶¶108-110, 159-161, 192-194, 225-227, 270-275, 300-305, 360-363, 414-419, filed September 8, 2002 as Document No. 8, Civil Action No. 1:08-CV-509.

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, **laws**, or treaties of the United States." (Emphasis Added.)

In 1991, Congress enacted the TCPA, 47 U.S.C. §227, *et seq.* Defendant argues that the TCPA expressly deprives the federal courts of federal question jurisdiction, citing specifically Section 227(b)(3), which provides:

> "(3) **Private right of action.** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions. [Emphasis added]

This provision plainly confers conditional jurisdiction to hear TCPA claims upon state courts, but says nothing about the federal courts or their jurisdiction to hear such cases. It is apparently this Congressional grant of authority to state courts that has led some courts to question whether or not a TCPA plaintiff may bring his claims as an original action in federal court.

While it is true that the U.S. Sixth Circuit Court of Appeals ruled five years ago, in *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.*, Case No. 04-3216, 2004 U.S. App. LEXIS 28047, unreported (6th Cir. Dec. 16, 2004)[88], that federal courts lack federal question jurisdiction over TCPA cases, *Dun-Rite* did not discuss fully the Court's reasoning, and recent developments in federal law have called into serious question the correctness of that ruling.

---

[88] *Dun-Rite* is an unreported decision and, therefore, is not controlling on this Court. *Fonseca v. Conrail*, 246 F.3d 585, 591 (6th Cir. 2001)("[U]npublished opinions are never controlling authorit[y]."); *Salamalekis v. Commissioner of Soc. Sec.*, 221 F. 3d 828, 833 (6th Cir. 2000).

18

In a recent TCPA case in which only diversity jurisdiction was asserted and at issue, *Charvat v. GVN Michigan*, 561 F.3d 623 (6th Cir. 2009), the Sixth Circuit noted that there currently are "serious questions" about whether federal question jurisdiction exists for TCPA claims. (Defendants' Motion, pp. 8-9, Document No. 22)  Shortly before *GVN* was decided, the court in *Hamilton v. Voxeo Corp*., S.D. Ohio Civil Action No. 2:08-cv-279, September 25, 2008 Decision and Order, held that the federal district courts possess federal question jurisdiction over TCPA claims because they arise under a federally enacted law. (Attachment 8)  The well-reasoned opinion in *Hamilton* cited with approval and followed rulings of the U.S. Supreme Court and, more recently, the U.S. Seventh Circuit Court of Appeals, which had repeatedly found that federal courts have federal question jurisdiction over TCPA claims.

Other federal appeals courts that have previously found federal question jurisdiction lacking for TCPA claims[89] were decided either before or without considering the controlling U.S. Supreme Court decision in *Breuer v. Jim's Concrete of Bevard, Inc*., 538 U.S. 691 (2003). The other appeals court rulings also failed to apply correctly the Supreme Court's ruling in an earlier case, *Tafflin v. Levitt,* 493 U.S. 455 (1990).

In *Breuer*, the Supreme Court upheld the removal of a Fair Labor Standards Act ("FLSA") case from state court to federal court, ruling that the FLSA's statutory authorization to litigate in a state court a claim arising under federal law does not bar removal under federal question jurisdiction.  In discussing the FLSA's language that provides that a suit "may be maintained *** in any Federal or State court of competent jurisdiction", the Supreme Court held:

> But "maintain" in reference to a legal action is often read as

---

[89] See *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.,* 156 F.3d 432 (2nd Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513 (3rd Cir. 1998); *International Science & Technology Institute, Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146 (4th Cir. 1997); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507 (5th Cir. 1997); *Murphey v. Lanier, 204 F.3d 911* (9th Cir. 2000); *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287 (11th Cir. 1998).

"bring" or "file"; "[t]o maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action." *Ibid.*; see 1A J. Moore et al., Moore's Federal Practice P 0.167[5], p 472 (2d ed. 1996) (calling the "'may be maintained'" language an "ambiguous phrase" and "certainly not an express provision against removal within the meaning of § 1441"); 14C C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3729, p 235 (1998) (referring to "use of the ambiguous term 'maintain' in the statute"). The most, then, that Breuer can claim simply from the use of the term "maintain" is that any text, even when ambiguous, that might be read as inconsistent with removal is an "express" prohibiting provision under the statute. But if an ambiguous term like "maintain" qualified as an express provision for purposes of 28 U.S.C. § 1441(a), then the requirement of an "expres[s] provi[sion]" would call for nothing more than a "provision," pure and simple, leaving the word "expressly" with no consequence whatever. "[E]xpres[s] provi[sion]" must mean something more than any verbal hook for an argument.

*Id.* at 695-696.

Section 227(b) of the TCPA does not contain any express prohibition on removal or any other **bar** to federal question jurisdiction. Thus, another judge of this Court recently ruled, "[T]he natural reading of the TCPA in light of *Breuer* would be that such cases, since they arise under federal law, are removable under §1441." *Hamilton v. Voxeo Corp*., S.D. Ohio Civil Action No. 2:08-cv-279, September 25, 2008 Decision and Order (Attachment 8). It only follows that cases that may be removed pursuant to federal question jurisdiction, may have been brought initially in federal court under the Court's original jurisdiction, as Plaintiffs have done in this case.

This view is shared by the U.S. Circuit Court of Appeals for the Seventh Circuit, which recently ruled, in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (2005):

"The word "maintain" in the FLSA is not an "express" prohibition on removal, *Breuer* held. One may say exactly the same about the right to sue in state court *under § 227(b)(3). It does not mention removal or the general federal-question jurisdiction. It does* not declare state jurisdiction to be exclusive. Thus it does not expressly

20

> override a defendant's removal rights under both § 1441 (because a claim that a business violated the Telephone Consumer Protection Act arises under federal law) and the Class Action Fairness Act. Section 1445 has a list of non-removable actions that satisfy the "express prohibition" required by § 1441(a), and the Telephone Consumer Protection Act is not on that list. Breuer collects other express bars but does not include the Telephone Consumer Protection Act among them. 538 U.S. at 696-97."

*Id.* at 450. *Brill* discusses many, if not all, of the prior appellate court decisions holding that there is no federal question jurisdiction for TCPA claims, and notes that each such ruling is irreconcilable with *Breuer*. *Id.* at 450. ("These decisions can not be reconciled with *** *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 155 L. Ed. 2d 923, 123 S. Ct. 1882 (2003) *** which came after all of the six decisions to which we have referred.")

The rule of law articulated in *Breuer* and followed by *Brill* is the same position urged by then Third Circuit Court of Appeals Judge Alito, in his well-reasoned dissent in *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F. 3d 513 (3d Cir. 1998). Discussing the Supreme Court's decision in *Tafflin v. Levitt,* 493 U.S. 455 (1990), and its effect on federal question jurisdiction of TCPA claims, Judge Alito stated:

> "In *Tafflin*, the Supreme Court interpreted the following provision from the federal RICO statute:
>
>> Any person injured in his business or property by reason of a violation of section 1962 of this chapter *may sue therefor in any appropriate United States district court*.
>
> *18 U.S.C. § 1964* (emphasis added). The Court found that this language was insufficient to divest state courts of concurrent jurisdiction over private RICO actions, explaining:
>
>> [The statute's] grant of federal jurisdiction is plainly permissive, not mandatory, for the statute does not state nor even suggest that such jurisdiction shall be exclusive. It provides that suits of the kind described "may" be brought in the federal district courts, not that they must be.

*Tafflin, 493 U.S. at 460, 110 S. Ct. at 796* (internal quotations omitted). **Applying this reasoning to the instant case, it is clear that the language of the TCPA is insufficient to divest district courts of their federal question jurisdiction, as the statute merely provides that private suits "may" be brought in state court.** *See 47 U.S.C. § 227(b)(3).*

\*\*\*

**Notwithstanding the lack of a clear textual divestment in the TCPA,** the Supreme Court has instructed that jurisdiction can also be divested "by unmistakable implication from legislative history." *Tafflin, 493 U.S. at 460.* In this regard, the majority finds that Senator Hollings's statement reveals Congress' clear intention to grant exclusive jurisdiction to the state courts. I disagree. I do not believe that one speech given by one senator is sufficient to demonstrate the "unmistakable" intent of Congress. Moreover, even if Senator Hollings's statement were given controlling weight, it merely indicates that the TCPA was designed to "*allow* consumers to bring an action in State court." 137 Cong. Rec. S16205 (daily ed. Nov. 7, 1991) (emphasis added). The Senator explained that giving consumers the option of going to small claims court would enable them to seek modest damages without incurring the high costs of formal litigation. *Id.* … Therefore, I would not conclude that Senator Hollings's statement does anything more than confirm the permissive grant of state jurisdiction found in the statute's text." (Emphasis added.)

Based upon the foregoing authority, Plaintiff respectfully submits that this Court has original federal question diction o' TCPA claims and should assert supplemental jurisdiction over Plaintiffs' closely-related claims under state law.

### E. Federal Diversity Jurisdiction Also Exists Over Plaintiffs' Claims.

Defendant's Motion argues that federal diversity jurisdiction does not exist because Plaintiffs' maximum recovery under his claims cannot exceed $75,000 because Plaintiffs are limited in their recovery of statutory damages under the TCPA and CSPA.

Defendant argues that Plaintiffs may only recover statutory remedies for Defendant's violations of the TCPA or its regulations, and its violations of the CSPA premised thereon, on a *per-call* basis. (Defendant's Motion, pp. 7-9)  In support, Defendant cites *Charvat v. GVN*

*Michigan, Inc.*, 531 F. Supp. 2d 922 (S.D. Ohio 2008), and two other cases, *Meyer v. Bixenholtz Constr.*, 952 A.2d 507 (N.J. Super. Ct. July 25, 2008), and *Worsham v. Nationwide Ins. Co.*, 772 A.2d 868 (Md. App. 2001), which cite to and follow *GVN* and *Charvat v. Colorado Prime*, 1998 Ohio App. LEXIS 4292 (Ohio 10th Dist Ct. App. Sept. 17, 1998), *GVN's* progeny.

However, these cases concern asserted violations of the TCPA in regard to live agent telemarketing calls, which were pled under 47 U.S.C. §227(c)(5), and are inapplicable to a prerecorded call case. *Reichenbach v. Financial Freedom Centers, Inc.*, 2004 Ohio 6164 (Ohio 6th Dist. 2004). In the case at bar, **Plaintiffs do not assert any claims under 47 U.S.C. §227(c)**. Rather, Plaintiffs sue Defendant under **47 U.S.C. §227(b)(3)**, which concerns unlawful prerecorded voice message telemarketing calls, and the FCC's regulations related to such calls set forth in 47 C.F.R. §64.1200.

A number of courts, including several of the ones noted by Defendant, have ruled that claims made under §227(c) over live agent telemarketing calls allow for recovery of statutory damages on a "per call" basis. However, in so ruling, these courts were considering the following statutory provision of §227(c):

> (5) **Private right of action.** A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>   (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>   (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>   (C) both such actions.

Section 227(c) focuses on "calls", and provides for a private right of action based on a caller's violation in a call of any of the regulations issued under §227(c). In sharp contrast,

§227(b) does not mention "call" and focuses on "violations" of either §227(b) or the regulations issued under §227(b).  Section 227(b) reads:

> (3) **Private right of action.**  A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> (A) **an action based on a violation of this subsection or the regulations prescribed under this subsection** to enjoin such violation,
> (B) an action to recover for actual monetary loss from **such a violation**, or to receive $500 in damages **for each such violation**, whichever is greater, or
> (C) both such actions. [Emphasis added]

Two Ohio appeals courts, in published decisions that Defendant neglected to cite in its Motion, have ruled that **§227(b)(3)** grants to a consumer the right to seek statutory relief as to **each violation** of the law occurring in each prerecorded voice message call.  In *Reichenbach v. Financial Freedom Ctrs.*, Inc., 2004 Ohio 6164 (6th Dist. Ct. App. 2004), in affirming the plaintiff's recovery from the defendant for two, separate violations of the TCPA's regulations manifested in a single prerecorded voice message call, the Lucas County Court of Appeals recently held:

> "Pursuant to 47 U.S.C.A. § 227(b)(3)(B), **any person may** bring an action in an appropriate state court for violations of the TCPA or the regulations promulgated thereunder, 'to recover for actual monetary loss from such a violation, or to **receive $500 in damages for each such violation, whichever is greater** ***.'"
> [Emphasis added]

More recently, in *Charvat v. Ryan*, 168 Ohio App. 3d 78 (Ohio 10th Dist. Ct. App. 2006), *affirmed in part and reversed in part*, 2007 Ohio 6833 (2007), the appeals court ruled that plaintiffs may recover separate statutory damages for each violation of either §227(b) or the regulations issued under it.  Specifically, the appeals court ruled:

> "It is significant that appellant's complaint specifically sets forth separate claims for damages for the violation of subsection (b) –

the call – and for each violation of a regulation that was occasioned by that call. The complaint also contains factual allegations supporting each claim. Under these circumstances, **appellant is entitled**, pursuant to Section 227(b)(3), Title 47, U.S. Code, **to "$500 in damages for each such violation**[.]" [Emphasis added]

Thus, in *Charvat v. Ryan*, Plaintiff was properly awarded statutory damages for each of the two, separate violations of the TCPA and its regulations that arose from a single prerecorded voice message telemarketing call.

The interpretations of §227(b)(3) in *Reichenbach* and *Charvat v. Ryan* are obviously correct. Four times within the same section of the TCPA, the statute references an actionable "*violation*" of "this subsection or its regulations" – not an actionable *call* containing one or more violations. In fact, as the appeals court observed, in *Charvat v. Ryan*, supra at ¶23, the word "call" does not even appear in §227(b)(3). Thus, a plain reading of the statute makes it clear that an aggrieved individual may recover damages "for each such violation" of subsection 227(b) or the corresponding regulations prescribed under the TCPA.

Although was not before the Sixth Circuit, in *Charvat v. GVN Michigan*, 561 F.3d 623 (6ᵗʰ Cir. 2009), the Court did note, in footnote 7, that "[T]he language of *§ 227(b)(3)* differs from that of *§ 227(c)(5)*, primarily because the former does not even contain the word "call." *858 N.E.2d at 852*. Further, as we have not yet interpreted *§ 227(b)(3)*, we need not reconcile our interpretation of *§ 227(c)(5)* with any previous interpretations of *§ 227(b)(3)*."

In interpreting the TCPA's provisions, it must be remembered that the TCPA is a remedial statute, and remedial statutes must be construed liberally in favor of consumers. *Logan v. Davis,* 233 U.S. 613, 58 L.Ed. 1121 (1914), at syllabus ("A remedial statute is to be construed liberally so as to effectuate the purpose of the legislative body enacting it ***. *United States v. Southern Pacific Railroad Co*., 184 U.S. 49 (1902)"); see also *Saperstein v. Hager*, 188 F.3d

852, 857 (7th Cir. 1999); *Herman v. RSR Security Services*, 172 F.3d 132, 139 (2nd Cir. 1999);

*Industrial Commission v. Phillips*, 114 Ohio St. 607, 622 (1926); *Baker v. Carpenter,* 69 Ohio St.

15, 22-23 (1903); *Jemiola v. XYZ Corp.*, 126 Misc.2d 68, 73 (Cuyahoga C.P. 2003), OAG PIF#

2205 (Jan. 9, 2004).   As the First Circuit Court of Appeals held, in *Hogar Agua Y Vida En El*

*Desierto, Inc. v. Jorge Suarez-Medina* 36 F.3d 177, 181 (1st Cir. 1994):

> **We employ traditional tools of statutory interpretation, particularly the presumption that ambiguous language in a remedial statute is entitled to a generous construction consistent with its reformative mission**. See, e.g., *Cia. Petrolera Caribe, Inc. v. ARCO Caribbean, Inc.,* 754 F.2d 404, 428-29 (1st Cir. 1985) (noting that this canon of construction represents an "especially reliable and legitimate" indicator of congressional intent); see generally 3 Norman J. Singer, Sutherland on Statutory Construction §60.01 (5th ed. 1992). [Emphasis added]

Also, "[t]he normal rule of statutory construction assumes that 'identical words used in

different parts of the same act are intended to have the same meaning.'" *Helvering v. Stockholms*

*Enskilda Bank*, 293 U.S. 84, 87 (1934), quoting *Atlantic Cleaners & Dyers, Inc. v. United States*,

286 U.S. 427, 433 (1932).  As noted by the Supreme Court in *United Sav. Assn. of Texas v.*

*Timbers of Inwood Forest Assoc., Ltd*., 484 U.S. 365, 371 (1988):

> "**A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme – because the same terminology is used elsewhere in a context that makes its meaning clear *** because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law**, see, e. g., *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *Weinberger v. Hynson, Westcott & Dunning, Inc*., 412 U.S. 609, 631-632 (1973); *Jarecki v. G. D. Searle & Co*., 367 U.S. 303, 307-308 (1961)." [Emphasis added]

See also *Heidtman v. Shaker Heights*, 163 Ohio St. 109, 119 (1955)("Where legislation is silent

as to the meaning of a word contained therein, and that word has both a wide and a restricted

meaning, courts, in interpreting such legislation, must give such word a meaning consistent with

other provisions of the legislation and of the objective to be achieved thereby.")  Section 227(b)(3) uses the singular form of "violation" four times in the same subsection in discussing what may serve as the proper basis for a consumer's private right of action.  Each time the basis for such private right of action is mentioned, it is in juxtaposition to the word "violation", not the word "call."

Permitting consumers to recover from telemarketer-scofflaws on a per-violation basis also makes good common sense.  If a consumer-plaintiff were unable to recover for each violation of the TCPA that occurred in a call, telemarketers would be free – any possibly encouraged – to commit as many violations of the statute and regulations as they please after initiating an unlawful robo call to a consumer's home, since the caller could only be made to answer in damages for a single violation. *United States v. American Airlines, Inc.*, 739 F. Supp. 52 (D. Mass. 1990), quoting *FAA v. Landy*, 705 F.2d 624 (2nd Cir. 1983)("It would be anomalous to reward the person who totally ignores the manual requirements by concluding that he, too, is subject to but a single fine when he simultaneously violates several regulations".)

However, telemarketers are more effectively deterred by the threat of being found liable for multiple TCPA regulatory violations in a single call, each of which exposes the caller to a potential adverse award of up to $1,500 for a "knowing" or "willful" violation, than they are by the threat of being found liable for a single violation per call.  If Section 227(b)(3) were read to mean that statutory damages are available to consumers only on a per-call basis, the $500 minimum to $1,500 maximum statutory damages per call would quickly become an "acceptable cost of doing business" for the telemarketing scofflaws, as the benefits would likely outweigh any potential adverse damages award.  "Plainly, it ought not to be cheaper to violate the Act and be sued than to comply with the statutory requirements." *Beliz v. WH McCleod & Sons Packing*

*Co.*, 765 F.2d 1317, 1332 (5th Cir. 1985)(Fair Labor Standards Act case); *see also, Bueno v. Mattner*, 633 F. Supp. 1446 (1986).

Moreover, it is illogical to argue that Congress authorized the FCC to promulgate regulations, and the FCC took time to develop and issue regulations that impose multiple, distinct requirements that telemarketers must obey in regard to every telephone solicitation, if the prevention of repeat calls was the sole intent of the Congress or the FCC. Rather, when provisions require separate and distinct obligations of the defendant, they should be viewed as separate violations. *Sanchez v. Overmyer*, 891 F.Supp. 1253 (N.D. Ohio 1995); *Elizondo v. Podgorniak*, 100 F. Supp. 2d 459, 462 (D. Mich. 2000)(violations of separate provisions of the federal Migrant and Seasonal Agricultural Worker Protection Act are evaluated separately).

Based on the foregoing, Plaintiff respectfully submits that Plaintiffs are entitled to recover damages on a per-violation, rather than a per-call basis, under 47 U.S.C. §227(b)(3) and the regulations issued under Section 227(b).

## IV.  **CONCLUSION**

Based upon the foregoing, Plaintiffs respectfully submit that Defendant's Motion to Dismiss should be denied in its entirety.

Respectfully submitted,

/s/ *John W. Ferron*
John W. Ferron (0024532)
jferron@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
(614) 228-5225, 228-3255 fax

Trial Attorney for Plaintiffs,
Nathaniel and Angela Burdge

Of Counsel to Plaintiffs:

Lisa A. Wafer (0074034)
lwafer@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
(614) 228-5225, 228-3255 fax

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2010, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

/s/  *John W. Ferron*
John W. Ferron (0024532)